EDGAR L. GRUBB *v.* GEORGE CLARK ANDERSON.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

Rehearing denied August 2, 1955.

L. B. BOLT, JR., and BOLT & HENDERSON, all of Knoxville, for petitioner.

VICTOR M. FALSTER, of Nashville, for respondent.

Mr. Justice Tomlinson delivered the opinion of the Court.

The Court of Appeals affirmed the judgment of the Circuit Court awarding Anderson $1,000 as the balance due on attorney's fee for which Anderson has sued. In explanation of its action in awarding this amount the Circuit Judge noted that "no proof that the services were worth any less than the amount sued for and judgment will be awarded to the plaintiff for $1,000.00". In affirming, the Court of Appeals adopted the memorandum opinion of the Circuit Judge.

The only defense plead by Grubb which need be noticed by this Court is his plea of accord and satisfaction. That plea was based on a check given to Anderson by one Russell Waddell under date of September 17, 1952. The attached voucher recited that it was "for full payment of all legal services rendered, E. Russell Waddell, Dr. Edgar Grubb and Waddell Construction Co., Inc." That check was cashed by Anderson after he had removed this voucher.

By reason of some inadvertence, the Circuit Judge and the Court of Appeals gave no consideration to this plea of accord and satisfaction insisted upon (1) in the original pleading, (2) by motion for a new trial, and (3) as one of the assignments of error, and based upon evidence which, according to the insistence of Grubb, made it necessary to sustain the plea. Petition for certiorari was granted by this Court for the single purpose of con-

sidering the merits of this plea, as stated in its memo. to counsel.

Grubb, a resident of Knoxville, was engaged in some enterprise with Russell Waddell, a resident of Nashville, where Anderson likewise resided and practiced law. It was through the efforts, influence and activities of Waddell that Anderson was employed by Grubb to render professional services to Grubb in some matter pending in Court. At the beginning of such employment Waddell paid Anderson $500 for Grubb. The latter personally ignored Anderson's repeated insistences thereafter made for further payments. But Waddell acted for him. In this plight of the matter Waddell delivered to Anderson for Grubb the $500 check upon which the plea of accord and satisfaction is based.

Mr. Anderson testifies that when Waddell in person delivered this check "there was nothing on it as to what it was for as far as I could observe * * *. I told him at the time that I would give Dr. Grubb credit for it on account". He says that he thereafter removed the voucher from the check "when I took it to the bank" to get the money on it. So it is that Anderson subsequently noted that the check was tendered in full payment of the claim.

Thus, it is established by the testimony of Mr. Anderson that he, Anderson, after learning that the voucher stated that the check was in "full payment of all legal services rendered * * * Dr. Edgar Grubb", cashed that check. It is said in *Lytle* v. *Clopton,* 149 Tenn. 655, 663, 261 S. W. 664, 666, that "instances may arise in which an acceptance, on the part of the offeree, will be presumed; or where, in the circumstances, the offeree will be held estopped to deny acceptance." The hereinabove stated testimony of Anderson brings his case within this rule.

Waddell died prior to the taking of evidence in the case. His conduct, however, conclusively establishes it as a fact that he delivered this check as a settlement in full of the disputed claim, and understood Anderson to have so accepted it. This is established by the fact that he sent Grubb a photostatic copy of this voucher with the statement, in substance, that "he had gotten rid of Mr. Anderson".

The latest ruling of our Courts on the question is found in *Continental Ins. Co.* v. *Weinstein,* an opinion rendered by the Court of Appeals in 1953, reported in 37 Tenn. App. 596, 267 S. W. (2d) 521. Certiorari was denied by this Court. It was held in that case that the acceptance of a check upon which is written " 'in full settlement of all claims' " with full knowledge that the check was so sent amounts to a release of the disputed indebtedness. In so holding the Court of Appeals quoted from the unreported case of *Pike* v. *American Tea & Coffee Company* as follows:

" ' "The law is well settled in this State and it is in accord with the great weight of authority elsewhere, that when a creditor accepts from his debtor a check containing a statement that it is in full satisfaction of his account, although for less than the amount demanded, it operates as an accord and satisfaction * * *." ' "

In support of Anderson's insistence reference is made to *Lytle* v. *Clopton,* supra. The case at bar does not, however, come within the facts of that case, in our opinion. It is there observed that had the proceeds of the note been sent to Vertrees "in settlement of his fee, we would have a very different case" and that if it was "intended * * * to be tendered in full settlement * * * it should have been so tendered." It is noted further that accord

and satisfaction "was not even set up as a defense", whereby there exist a circumstance "tending to show that this was an afterthought".

The conclusion of this Court is that the facts, and law applicable thereto, make it necessary to sustain Grubb's plea of accord and satisfaction, and that the Circuit Court and the Court of Appeals erred in not so holding. The judgments of each of these Courts will be set aside and the suit dismissed with costs adjudged against Anderson, and in the Circuit Court also against the surety on his cost bond.